**CITY OF MIDDLESBORO, Appellant,**

**v.**

**Larry WILSON, Hotense Quillen, Charles Taylor for himself and as next friend of Shannon Taylor, Wade Hurst, Cecil Hoskins, for himself and as next friend of Timmy Hoskins, Thomas B. Wilson, for himself and as Administrator of Estate of Ralph Miracle, Ora Miracle, Clifford Hoskins, for himself and as Administrator of the Estate of Mildred Hoskins, Theodore E. Smith, and Sue Smith, his wife, Kainner Jones, on behalf of themselves and all other persons similarly situated, Appellees.**

Court of Appeals of Kentucky.

March 21, 1986.

Karen D. Greene, Middlesboro, for appellant.

Robert E. Reeves, Lexington, W. Henry Graddy IV, Versailles, Eugene Goss, Harlan, Dean Rivkin, Knoxville, for appellees.

Before COMBS, HOWARD and DUNN, JJ.

DUNN, Judge.

This is an appeal from a judgment and order of the Bell Circuit Court which held the appellant City of Middlesboro in contempt and which imposed a fine of $2,500.00. We affirm.

The pertinent facts are as follows: The action below was part of a prolonged and still ongoing dispute between the City of Middlesboro and various persons living along Yellow Creek near Middlesboro. In October 1981, as a result of a motion brought by the appellees plaintiffs, the Bell Circuit Court issued a temporary injunction which forbad the City of Middlesboro and its City Sewage Disposal Plant to empty untreated sewage into Yellow Creek, a tributary of the Cumberland River.

On November 7, 1984, the appellees brought a motion for a rule directing the City of Middlesboro to appear and show cause why the city should not be held in contempt for failure to comply with the injunction. The appellees further requested the circuit court to schedule a hearing on November 12, 1984, since the parties were already scheduled to argue pending motions concerning the same subject matter on that date.

The circuit court issued its order at 8:30 a.m. on November 12, 1984, directing the appellant to appear at 11:00 a.m. on the same date to show cause why the appellant should not be held in contempt. Counsel for the appellant City defendant protested that it had been untimely noticed resulting in insufficient time in which to respond. The trial court proposed a continuance to give the city additional time to respond. It, however, rejected all suggested future dates and ultimately insisted that it was ready and willing to proceed, protesting against any further delay on the part of the appellees. The trial court accordingly proceeded with a hearing on the merits and adjudged the appellant to be in contempt. The City of Middlesboro thereupon brought this appeal.

On appeal, the appellant's sole allegation of error is that the trial court conducted the show cause hearing without reasonable notice to the appellant. CR 6.04 provides that a "written motion ... and notice of the hearing thereof shall be served a reasonable time before the hearing, unless a specific period is fixed by these Rules or by order of the court." *Id.* We agree that two and one-half hours (8:30 a.m.—11:00 a.m.) is not a reasonable amount of time.

However, the trial court offered to enlarge the amount of time to give the appellant further opportunity to prepare for a hearing. Each date suggested for a future hearing was rejected by counsel for the city because of a schedule conflict. The trial court accordingly offered to let the parties work out an alternative date. Counsel for the appellant City then performed a remarkable feat of verbal virtu-

osity by simultaneously (1) arguing that appellant had insufficient time to respond, and (2) demanding that the hearing proceed immediately.

Having been offered ample opportunity to set another date for the hearing, and having insisted that the hearing proceed as scheduled, the appellant has waived any right to complain to this Court about lack of sufficient notice. *See* 60 C.J.S. *Motions and Orders* § 19 (1969). The judgment of the Bell Circuit Court is affirmed.

All concur.